Cox & Fahner (Steel Union-Sheet Piling, Inc.) et al. *v.* United States (No. 4440)[1]

United States Court of Customs and Patent Appeals, January 3, 1944

*Eugene R. Pickrell* for appellant.

*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Joseph F. Donohue*, special attorneys, of counsel) for the United States.

[1] C. A. D. 264.

[Oral argument December 7, 1943, by Mr. Pickrell and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal in reappraisement proceedings Nos. 128644–A, 126012–A, and 131023–A, for review of an order of the United States Customs Court (Third Division) dismissing without prejudice appellants' application for review of a decision and order of Judge Dallinger, sitting in reappraisement, dated June 22, 1942 (Reappraisement Decision No. 5665).

It appears that the Government also filed an application for review of said order and this application was also dismissed. Appellants' application was dismissed on motion of the Government. The Government's application was dismissed *sua sponte*.

The merchandise involved consists of steel bars, and appellants filed appeals for reappraisement of the merchandise from the appraisements made by the local appraiser.

Upon the trial before the single judge, both parties introduced evidence and the cause was submitted for decision upon the merits, and upon a motion by the Government to dismiss the appeals for reappraisement upon the ground that appellants had not proved a dutiable value for the merchandise other than its appraised value.

In the said order of the single judge, after a discussion of the evidence in the case and the law applicable thereto, there is found the following:

Although, in my opinion, the plaintiffs have proved that the appraiser erred in finding a foreign value for the merchandise herein, nevertheless they failed to prove either an export value or a United States value for said merchandise. Under all the circumstances, however, I feel constrained to deny the Government's motion to dismiss the within appeals, and grant the Government an exception to this ruling, and in the exercise of my discretion I direct that the within appeals be restored to the docket for the purpose of giving the plaintiffs herein an opportunity to prove the cost of production of said merchandise.

The appellate division found that said order was not a final decision of the single judge, but was an interlocutory order and dismissed the respective applications for review. In its decision it states:

For the reasons stated, we are of the opinion that the applications for review of the action of the trial court herein are premature, and clearly not within the jurisdiction of the appellate division until a final decision has been rendered by the trial court determining the value of the merchandise; * * * .

Upon the oral argument before us there was no contention by counsel for appellants that the court erred in dismissing its application for review of the order of the trial judge, but it appears that it was filed as a measure of precaution to avoid the possibility that appellants might be precluded, after a final decision was made by the trial judge, from their securing a review of the question of the export

value of the merchandise. Under the circumstances appellants were justified in taking this procedure.

It is elementary that appeals from, or applications for review of, decisions of a lower court depend wholly upon statutory authority. Applications for review of decisions of a single judge in reappraisement proceedings are provided for by section 501 of the Tariff Act of 1930. Certain amendments to said section were made in the Customs Administrative Act of 1938, but such are not pertinent to the question before us.

Section 501, *supra*, after providing for procedure in taking appeals for reappraisement states:

Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall, after affording the parties an opportunity to be heard, determine the value of the merchandise. * * *.

The judge shall, after argument on the part of any of the interested parties requesting to be heard, render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based. Such decision shall be final and conclusive upon all parties unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court * * *. Every such application shall be assigned by the court to a division of three judges, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the single judge, and, after hearing argument on the part of any of the interested parties requesting to be heard, shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. The decision of the United States Customs Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial Code, as amended.

It will be observed that the sole duty of the single judge under section 501, *supra*, is to "determine the value of the merchandise." That is the only decision of the single judge contemplated by the section from which an application for review may be filed. The order of the single judge restoring the cases to the docket for the purpose of enabling appellants to introduce evidence of cost of production was merely an interlocutory order, and the *decision* made therein was that the case should be reopened for the purpose stated.

A decision reopening a reappraisement proceeding for the introduction of further evidence is not subject to review. *United States* v. *International Graphite & Electrode Corp.*, 25 C. C. P. A. (Customs) 74, T. D. 49066.

The case last cited is on all fours with the case at bar, except that there the case was reopened for all purposes, while in the instant case the reopening was only for the purpose of permitting appellants to prove the cost of production of the merchandise.

However, we do not think there is any difference in principle between the two cases. The ground of decision in both cases is in effect the same, viz, that the order complained of was interlocutory in character and not a final decision. In the case at bar we have no doubt that when a final decision is made by the trial judge he may review the entire record and consider all questions raised thereby, and an application for review of all such questions may be taken by either party.

In the case of *United States* v. *Elliot, Greene & Co. et al.*, 28 C. C. P. A. (Customs) 177, C. A. D. 141, we held that under the provisions of section 501, *supra*, an appeal may be taken to this court from a judgment of the United States Customs Court under certain circumstances, even though such judgment be interlocutory in character. We there said:

There can be no question but that Congress may provide for appeals, even from interlocutory judgments; * * *.

It will be noted, however, that the provisions of section 501, *supra*, relating to applications for review from a decision of the single judge, are not at all similar to those relating to appeals to this court from decisions of the United States Customs Court. Applications for review of a decision of the trial judge relate to decisions determining the value of the merchandise or, in other words, decisions disposing of the controversy created by the appeal for reappraisement. There is no provision for applications for review of interlocutory orders made by the single judge.

We are convinced that the appellate division had no jurisdiction to entertain the application for review in question, because such application was premature and its judgment dismissing the application is *affirmed*.